UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LARA J. WHITE** | * | **CIVIL ACTION NO. 16-1405** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LASALLE CORRECTIONS INC. ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to join a required party under Federal Rule of Civil Procedure Rule 19, FED. R.CIV. P. 12(b)(7) [doc. #10], filed by defendants LaSalle Corrections, Inc., Richwood Correctional Center, LLC, Ray Hanson, Gerald Hardwell, Roderick Douglas, and Danielle Walker (collectively referred to as the "movants"). For reasons assigned below, it is recommended that the motion be **GRANTED**.

### Analysis

On October 6, 2016, plaintiff Lara J. White ("Mrs. White") filed the instant wrongful death and survival action pursuant to 42 U.S.C. §§ 1983 and 1988 against defendants LaSalle Corrections Inc., Richwood Correctional Center L L C, Ray Hanson, Roderick Douglas, Danielle Walker, Gerald Hardwell, and the City of Monroe. [doc. #1].

The complaint avers that on October 13, 2015, Vernon Ramone White, Sr. ("Mr. White") died after he was assaulted by another inmate while jailed at Richwood Correctional Center. *Id.* Mrs. White filed this action on behalf of herself, her and her husband's minor child, V.R.W., Jr., and on behalf of

the estate of Mr. White. In her complaint, Mrs. White stated that she and her son are Mr. White's only heirs. *Id.* ¶ 2.

However, on October 7, 2016, non-party LeKaye Hamilton also filed a survival action and wrongful death suit on behalf of Mr. White's other child, V.H, in the Fourth Judicial District Court, Ouachita Parish, Louisiana. [doc. #10-1, p. 2]. Therefore, on November 14, 2016, movants filed the instant motion to dismiss for failure to join Hamilton, on behalf of her child V.H., under Rule 19. [doc. #10]. Specifically, movants argue that Hamilton is a required party who must be joined under Rule 19(a)(2), and seek dismissal if plaintiff fails to join Hamilton, on behalf of her child, as a party within the next 90 days. *Id.* at 9.

Plaintiff filed a response to the motion to dismiss on December 16, 2016, wherein she agreed that the Court should grant movants' Rule 12(b)(7) motion to dismiss if plaintiff fails to join Hamilton, on behalf of V.H., as a party within 90 days. [doc. #16].[1] Accordingly,

IT IS RECOMMENDED that the motion to dismiss for nonjoinder of a required party under Rule 19, filed by defendants LaSalle Corrections, Inc., Richwood Correctional Center, LLC, Ray Hanson, Gerald Hardwell, Roderick Douglas, and Danielle Walker, FED. R. CIV. P. 12(b)(7) [doc.

---

[1] Federal Rule of Civil Procedure 12(b)(7) authorizes a motion to dismiss for failure to join a required party in accordance with Rule 19. "[R]esolution of the motion requires a two-step inquiry. First a court must determine whether a party should be added under the requirements of Federal Rule of Civil Procedure 19(a); then the court must determine whether litigation can be properly pursued without the absent party" under Rule 19(b). *August v. Boyd Gaming Corp.*, 135 Fed. App'x 731, 732 (5th Cir. 2005). "If the absent party should be joined under rule 19(a), but the suit cannot proceed without that party under the requirements of rule 19(b), the case must be dismissed." *Id.* Both parties agree that Hamilton, on behalf of her child, is a required party under 19(a) and that the case should be dismissed if she is not joined. *Id.*

#10], be GRANTED if plaintiff does not join LeKaye Hamilton, on behalf of V.H., as a party in this matter within 90 days from the date of this Report and Recommendation.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of January 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE