UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LARA J. WHITE, INDIVIDUALLY AND ON BEHALF OF MINOR V R W JR. AND ON BEHALF OF VERNON RAMONE WHITE SR. ESTATE | * | CIVIL ACTION NO. 16-1405 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| LASALLE CORRECTIONS INC. ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge is a motion to consolidate, [doc. #20], filed by Defendants LaSalle Corrections, LLC, Richwood Correctional Center, Lieutenant Ray Hanson, Lieutenant Gerald Hardwell, Captain Roderick Douglas, and Danielle Walker. The motion is unopposed. For reasons assigned below, the motion is **GRANTED in part** and **DENIED in part**.

**Background**

Defendants' motion seeks to consolidate this case with *Moore v. LaSalle Corrections Inc.*, 16-cv-1007 (W.D. La. 2016). Both cases arise out of incidents that occurred at Richwood Correctional Center ("Richwood") on October 12 and 13, 2015.

On October 10, 2015, Vernon Ramone White, Sr. was arrested on charges of speeding, driving without a license, driving without proof of insurance, and contempt of court. White was then transported to Richwood. On October 12, 2015, Erie Moore, Sr. was arrested for disturbing the peace and placed in an isolation lockdown cell at Richwood. At first, Moore was alone in the

1

lockdown cell. Around 9:00 p.m. that night, White engaged in a fight with a third inmate named Erin Daniels. As a result, White was placed in the isolation lockdown cell with Moore. On the morning of October 13, 2015, Moore and White had a physical altercation and needed medical attention. Both inmates were then returned to the same lockdown cell. On the night of October 13, 2015, White and Moore engaged in a second fight, resulting in substantial injuries to White. When the defendant officers discovered White's injuries, Moore was forcibly removed from the cell. White was transported to Conway Medical Center in Monroe, Louisiana, and pronounced dead that night. Meanwhile, while being removed from the lockdown cell, Moore suffered severe injuries and eventually died approximately one month later on November 14, 2015, at University Health Center in Shreveport, Louisiana.

     On October 6, 2016, Lara J. White, individually and on behalf of her son and on behalf of her husband's estate (the "White Plaintiffs"), filed the instant wrongful death and survival action pursuant to 42 U.S.C. §§ 1983 and 1988 against defendants LaSalle Corrections Inc. ("LaSalle"), Richwood Correctional Center, Warden Ray Hanson, Lieutenant Gerald Hardwell, Corporal Officer Danielle Walker, Captain Roderick Douglas, and the City of Monroe. [doc. #1] (the "White Case").

     On July 8, 2016, Plaintiffs Erie Moore, Jr., Tiffany Robinson, and Tamara Robinson (the "Moore Plaintiffs") also filed a wrongful death and survival action pursuant to 42 U.S.C. §§ 1983 and 1988 against LaSalle, Warden Ray Hanson, Lieutenant Christopher Loring, Lt. Hardwell, Sergeant Roy Brown, Sergeant Reginald Williams, Sergeant Kenneth Hart, C.O. Walker, Sergeant Duan Rosenthal, Cpt. Douglas, Corporal Officer Jeremy Runner, Corporal Reginald Curly, and the City of Monroe. [doc. #1] (the "Moore Case"). Through the instant

motion, movants seek to consolidate the White Case with the Moore Case.

## **Analysis**

Federal Rule of Civil Procedure 42(a) provides,

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

In weighing consolidation, numerous factors are considered, including

whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Varnado v. Leblanc,* No. 3:13-00348, 2016 WL 320146, *2 (M.D. La. Jan. 25. 2016). Further, "[c]onsolidation may be properly denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762. "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Id.* (citing *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985)).

These actions clearly involve common questions of law and fact. Both complaints arise out of the same set of facts: an altercation that occurred between White and Moore in a lockdown cell at Richwood on October 13, 2015, that ultimately ended with the death of both inmates. The actions assert almost identical claims for relief: (1) wrongful death pursuant to § 1983; (2) failure to intervene and supervise; (3) failure to monitor, classify, train and implement policies; (4)

failure to classify and protect inmates; (5) failure to train and implement adequate policies; (6) failure to protect and classify inmates; and (7) state law claims pursuant to Louisiana Civil Code article 2315. The only difference is that the Moore Plaintiffs assert a cause of action for excessive force. Moreover, both cases were filed only three months apart and very minimal discovery has been conducted at this point. *See Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00246, 2013 WL 1411773, *2 (W.D. Tex. April 8, 2013). At a minimum, consolidation for discovery on liability issues will be more cost effective and time efficient, considering the White Plaintiffs are suing seven defendants, six of which are defendants in the Moore case.

However, the Court finds that consolidation for trial is inappropriate at this juncture. Consolidation is improper if it aligns parties who have conflicting interests in the litigation. As of yet, the White Plaintiffs are not presently suing Moore or his succession, suggesting that a conflict of interest is not present. *Compare Atkinson v. Roth*, 297 F.2d 570 (3d Cir. 1961) (consolidation resulted in conflict and prejudice where it would make one plaintiff both a plaintiff and a defendant). However, the complaints in both cases assert that White got in a fight with a third inmate before being placed in the lockdown cell with Moore. The Moore complaint asserts that White "was found to be the perpetrator and was given a disciplinary sanction" for the fight. [doc. #1, ¶ 12]. The Moore Plaintiffs argue that, "[a]t the time of placement of Vernon White, correctional officers knew or should have known that Vernon White was violent." *Id.* The White Plaintiffs, on the other hand, allege that Moore was the violent one, and paint a very

unsettling picture of Moore in their complaint.[1] These conflicting allegations could peg the Plaintiffs against each other at trial. For example, to rebut Moore's excessive force claim, Defendants may bring in evidence that Moore was violent, therefore rendering the use of excessive force reasonable under the circumstances. Moore could then rebut that inference by bringing in evidence that White was the initial aggressor, which would then require White to bring forth evidence that Moore was violent.

Therefore, the Court finds, at this time, that the cases should be consolidated for pre-trial discovery purposes only. While there may be considerable overlap in the two actions, it is too early to determine whether the consolidation would result in a conflict of interest and resulting prejudice. *See Wells v. Robinson Helicopter* Co., 2013 WL 11836758, *2 (S.D. Miss. Mar. 15, 2013) (consolidating for discovery only); *Blasko v. Wa. Metropolitan Area Transit Authority*, 243 F.R.D. 13, 16 (D. D.C. 2007) (consolidating for discovery, but not trial, at the present time).

Accordingly,

IT IS ORDERED that Defendants' motion to consolidate, [doc. #20], is GRANTED in part and DENIED in part. The cases numbered 16-cv-1007 and 16-cv-1405 shall be and hereby are consolidated **for pre-trial discovery purposes only**. All further pleadings shall be filed in 16-cv-1007. Defendants' motion to consolidate for trial is DENIED. Defendants may renew their

---

[1] The White Plaintiffs pleaded that Moore can be seen on video gesticulating wildly, pointing and pacing. [doc. #1, ¶ 18]. They pleaded that White began banging on the cell door, but that Moore embraced him and pulled him back. *Id.* ¶ 19. Moore allegedly placed White against the wall, put his hands around White's neck, and drew back his right arm and made a fist. *Id.* ¶ 20. Moore allegedly shoved and yelled at White on several occasions, grabbed him by the neck, and pushed him against the wall. *Id.* ¶¶ 22-23. After White is allegedly beaten off-camera and his body lies lifeless on the ground, Moore is allegedly seen eating and going to the restroom. ¶¶ 25-28.

motion to consolidate for trial at the close of discovery, if appropriate.

In Chambers, at Monroe, Louisiana, this 20th day of March 2017.

                                                                                                                  _____
                                                                                                                  KAREN L. HAYES
                                                                                                                  UNITED STATES MAGISTRATE JUDGE